JUDGE RAKOFF

08 CV 5433

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
VICTORY SHIPPING SDNBHD,

                                               **08 Civ. _____**

              Plaintiff,

     -against-

                                 VERIFIED
                                 COMPLAINT

BIGMOUNT INTERNATIONAL LIMITED,
SECOND STRAND LIMITED, and LYNCOTT
ENTERPISES,

              Defendants.
-------------------------------------X

RECEIVED
JUN 16 2008
U.S.D.C. S.D.N.Y.
CASHIERS

     PLEASE TAKE NOTICE that Plaintiff, VICTORY SHIPPING LIMITED (Plaintiff or "VICTORY"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, BIGMOUNT INTERNATIONAL LIMITED ("BIG MOUNT"), SECOND-STRAND LIMITED ("SECOND-STRAND"), and LYNCOTT ENTERPRISES ("LYNCOTT"), alleges, upon information and belief, as follows:

     1.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.   Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

     2.   Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

     3.   Defendant BIG MOUNT is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at Room 403, 4th Floor, Printing House, 6 Duddell Street, Central, Hong Kong, China.

     4.   Defendant SECOND-STRAND is a business entity organized and existing pursuant to the laws of a foreign country, with a

place of business located c/o LYNCOTT, 136 Griva Digeni Street, Office No. 61, P.O. Box 52210, 4060, Limassol, Cyprus.

5.   Defendant LYNCOTT is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located 136 Griva Digeni Street, Office No. 61, P.O. Box 52210, 4060, Limassol, Cyprus.

6.   Upon information and belief, BIGMOUNT is a wholly or partly owned subsidiary of SECOND-STRAND and/or LYNCOTT, or vice versa.

7.   Upon information and belief, SECOND-STRAND and/or LYNCOTT uses Defendant BIGMOUNT as a conduit to pay its debts and obligations and is otherwise an alter ego of BIGMOUNT, or vice versa.

8.   Upon information and belief, BIGMOUNT is a shell corporation through which Defendant SECOND-STRAND and/or LYNCOTT conducts business, and vice versa.

9.   Upon information and belief, BIGMOUNT has no separate, independent identity from Defendant SECOND-STRAND and/or LYNCOTT, and vice versa.

10.  Upon information and belief, Defendant BIGMOUNT is the alter ego of Defendant SECOND-STRAND and/or LYNCOTT because SECOND-STRAND and/or LYNCOTT dominates and disregards BIGMOUNT's corporate form to the extent that SECOND-STRAND and/or LYNCOTT is actually carrying on the business and operations of BIG MOUNT, as if they were its own, or vice versa.

11. Upon information and belief, SECOND-STRAND and/or LYNCOTT acts as a paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant BIGMOUNT and/or receives payments being made to Defendant BIGMOUNT, or vice versa.

12. By charter party fixture dated March 4, 2008, plaintiff, as charter, chartered the M/V STRANGE ATTRACTOR from BIGMOUNT, as owner, with the vessel to be delivered in June of 2008.

13. On or about March 21, 2008, the vessel's manager, LYNCOTT, advised that the vessel's registered owner, SECOND-STRAND, had not chartered the vessel to BIGMOUNT, and that the vessel would not be delivered as required by plaintiff's charter party with BIGMOUNT.

14. However, at all pertinent times, Igor Grechuskin, was identified to plaintiff and others as BIGMOUNT's "person in charge."

15. At all pertinent times, Igor Grechuskin was also identified to plaintiff and others as SECOND-STRAND's "person in charge."

16. And, at all pertinent times, Igor Grechuskin, was further identified to plaintiff and others as LYNCOTT's "person in charge."

17. Upon information and belief, the charter party with plaintiff was entered into by BIGMOUNT as agent for SECOND-STRAND.

18.   The repudiation of the charter party by BIGMOUNT and SECOND STRAND was done wrongfully, deceiving and avoiding the lawful creditors of said defendants.

19.   Moreover, by virtue of Mr. Grechuskin's role as the person with authority on behalf of BIGMOUNT, SECOND-STRAND, and LYNCOTT.   The corporate form of defendants was disregarded, all authority and contacts being consolidated in the hands of Mr. Gechuskin and his three companies.

20.   In  fact Plaintiff is  advised that  the   Defendants have sold the vessel and that it will be imminently delivered to its buyers  FUZHOU TIAN HENG SHIPPING LTD who have been seen circulating her in the charter market.

21.   Wrongfully  and  in  breach  of  the  charter  party, Defendants refused to deliver the vessel for plaintiff's use.

22.   As a result of the Defendants' breaches of the charter party as aforesaid, Plaintiff has incurred and will continue to incur damages, costs, and expenses for which Defendants are liable under the terms of the charter agreement between the parties and at law.

23.   As a result of the foregoing, Plaintiff was unable to carry out its course of business, and therefore incurred and will continue  to  incur  damages,  costs,  and  expenses  for  which Defendants are liable under the terms of the agreement between the parties and at law.

24.   Plaintiff has placed Defendants on notice of its claim that Defendants have breached the referenced charter party.

25. Despite Plaintiff's demands, Defendants have failed to pay the amounts due and owing to Plaintiff.

26. Pursuant to the charter party, disputes are to be settled by arbitration in London, English law to apply, and Plaintiff has commenced or shortly will commenced arbitration with BIGMOUNT, accordingly.

27. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

28. As a result of Defendants' breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $4,290,000.00 |
| Interest (for a period of 3 yrs at 7.0%) | $965,434.47 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $200,000.00 |
| **Total** | **$5,455,434.47** |

29. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

30. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

31.   Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS, and/or Bank of China (Hong Kong), Ltd., which are believed to be due and owing to Plaintiff.

32.   For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the

aforesaid garnishees and/or any other garnishee upon whom a copy
of the Process of Maritime Attachment and Garnishment may be
served.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against
Defendants, citing it to appear and answer under oath all and
singular the matters alleged in the Complaint;

B.    That, since Defendants cannot be found in this
District pursuant to Rule B of the Supplemental Rules for Certain
Admiralty and Maritime Claims, the Court direct the Clerk of the
Court to issue an order, pursuant to Rule B of the Federal Rules
of Civil Procedure Supplemental Rules for Certain Admiralty and
Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et
seq., restraining and attaching all tangible or intangible
property in whatever form or any other funds held by any
garnishee, including but not limited to the Bank of America, Bank
of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase,
Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN
AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS, Bank
of China (Hong Kong) Ltd., and/or any other garnishee upon whom a
copy of the Process of Maritime Attachment and Garnishment may be
served, in the amount of **$5,455.434.47** to secure Plaintiff's
claims, and that all persons claiming any interest in the same be
cited to appear and answer the matters alleged in the Complaint;

C.    That the Court retain jurisdiction over this matter
through the entry of any judgment or award associated with any of
the claims currently pending, or which may be initiated in the

future, including any appeals thereof.

       D.   That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, NY
           June 16, 2008

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Plaintiff

By:

                              Garth S. Wolfson (GW 7700)
                              11 Hanover Square, Tenth Floor
                              New York, New York 10005
                              Tel. (212) 385-1422
                              Fax. (212) 385-1605

ATTORNEY VERIFICATION

STATE OF NEW YORK      :
                       :  SS.:
COUNTY OF NEW YORK     :

      1.    My name is GARTH S. WOLFSON.

      2.    I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

      3.    I am the attorney for Plaintiff, VICTORY SHIPPING SDNBHD, and I am fully authorized to make this Verification on its behalf.

      4.    I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

      5.    The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

      6.    The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:    New York, New York

      June _16_, 2008



                              GARTH S. WOLFSON